UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL CERVANTES,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>DOMINGO URIBE, JR., Warden,<br><br>　　　　　Respondent. | CASE NO. SA CV 12-2030 JSL (RZ)<br><br>ORDER TO SHOW CAUSE<br>RE TIMELINESS |

　　　　　The Court issues this Order To Show Cause directed to Petitioner because the action may be time-barred.

　　　　　In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

The current petition was filed on November 21, 2012. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) In 2009, an Orange County Superior Court jury convicted Petitioner of murder and other charges. He was sentenced to 70 years to life in prison. Pet. ¶ 2.

(b) The California Court of Appeal affirmed in April 2010. The California Supreme Court denied further direct review on July 14, 2010.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. Petitioner's conviction therefore became final no later than October 13, 2010, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1. Petitioner's one-year AEDPA limitations period began to run at that time.

(d) About six months passed. Late in February or early in March 2011, Petitioner began a series of state habeas petitions, starting in the trial court. The filing of the first such action began a period of statutory tolling for his AEDPA limitations period. The trial court denied relief on March 2, 2011. (Petitioner does not state the filing date for the trial-court petition but does state the March 2 date on which the court denied relief.) Petitioner next sought similar relief unsuccessfully in the California Court of Appeal and, thereafter, in the California Supreme Court, which denied relief on September 21, 2011. Pet. ¶ 6. At that time, Petitioner's one-year AEDPA limitations period – halted in March 2011 with about six months of time remaining – began to run again.

(e) On November 15, 2011, Petitioner filed his prior habeas action in this Court, bearing the same case name but with case number SA CV 11-1760 JSL (RZ). The Court dismissed that action without prejudice as "mixed" on June 26,

2012, because Petitioner had failed to exhaust some of his claims in the California Supreme Court.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale late in March of 2012, six months after the California Supreme Court denied his habeas petition. Indeed, the Magistrate Judge's Report in the 2011 action expressly warned Petitioner "that, according to Respondent's calculations, the statute of limitations for Petitioner to exhaust his unexhausted claims and thereafter assert them in federal court expired on March 30, 2012."

Petitioner's prior, abortive *federal*-court petition did not toll the applicable one-year limitations period, unlike a properly-filed *state*-court habeas challenge. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker,* 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).[1]

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

---

[1] An additional flaw in the petition is that it likely remains "mixed." Petitioner appears to have asserted the same claims in this action as he did here in 2011. That action, as noted above, was "mixed." Yet Petitioner has not returned to the California Supreme Court since September of 2011 and, therefore, cannot possibly have exhausted the previously-unexhausted claims. Because the action is clearly untimely, however, the Court does not rule on whether its claims are exhausted.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: December 11, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE